IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE, NORTHEASTERN DIVISION

| | |
|---|---|
| SAMUEL ANTHONY DARTY, ) | CASE NO. 2:13-cv-00032 |
| and ROBIN DARTY, ) | |
|     Plaintiffs; ) | JURY DEMANDED |
| ) | |
| v ) | JUDGE SHARP |
| ) | |
| ROBERT TERRY, Individually and In ) | MAGISTRATE JUDGE GRIFFIN |
| His Official as Chief of the Cookeville ) | |
| City Police Department; ) | |
| ) | |
| JOSH WARD, Individually and in His ) | |
| Official Capacity as an Officer for the ) | |
| Cookeville City Police Department; ) | |
| ) | |
| JAMES McCURRY, Individually and in ) | |
| His Official Capacity as an Officer for ) | |
| the Cookeville City Police Department; ) | |
| ) | |
| BRANDON TAYES, Individually and in ) | |
| His Official Capacity as an Officer for ) | |
| the Cookeville City Police Department; ) | |
| ) | |
| and CHRIS MELTON, Individually and ) | |
| in His Official Capacity as an Officer for ) | |
| the Cookeville City Police Department; ) | |
|     Defendants. ) | |

**""""""CASE MANAGEMENT ORDER**

**A.     JURISDICTION:**

This Honorable Court has jurisdiction pursuant to 28 U.S.C. § 1343(a), 42 U.S.C. § 1983, and 20 U.S.C. § 1681(a). Venue is properly laid in this Honorable Court pursuant to 28 U.S.C. § 1391(b).

B.   **BRIEF THEORIES OF THE PARTIES:**

1) <u>**Plaintiffs' Theory of the Case**</u>

Plaintiffs allege that Defendants used excessive and unreasonable force when arresting Mr. Darty. Plaintiffs further allege that Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution by depriving Mr. Darty of clearly established constitutional rights, including, but not limited to, freedom from the use of force and failure to intervene to prevent officers from using excessive force.

Plaintiffs also allege that the K-9 Ares was trained in a grossly negligent manner. Plaintiffs also allege that the K-9s at the Cookeville City Police Department have attacked citizens in the past, which puts them on notice that the K-9s were improperly trained.

2) <u>**Defendants' Theory of the Case**</u>

<u>**Theory of Defendant, Robert Terry, in his Individual Capacity and in his Official Capacity as Chief of Police of the City of Cookeville**</u>

Robert Terry had no individual participation in the arrest or apprehension of Samuel Anthony Darty. Accordingly, he cannot be liable as a matter of law for any cause of action under 42 U.S.C. § 1983 regarding the arrest of Samuel Anthony Darty.

Robert Terry in his official capacity is redundant. It is the equivalent of the entity. The City of Cookeville should be substituted for Robert Terry in his official capacity. To the extent the Complaint asserts a cause of action against

Robert Terry in his individual capacity, he pleads the doctrine of qualified immunity.

The City of Cookeville does not have an unconstitutional custom, practice or policy. The City of Cookeville is not deliberately indifferent in the training of its officers and in particular their K-9 Handlers and K-9 Officers. This individual Defendant has total personal immunity for any negligence pursuant to the Tennessee Governmental Tort Liability Act. The City of Cookeville [Robert Terry in his official capacity] pleads all privileges and immunities of said act.

It is averred that this Court should not exercise jurisdiction over any claim pursuant to the Tennessee Governmental Tort Liability Act.

The Complaint of Robin Darty fails to state a cause of action for which relief may be granted.

Any claim brought under the Tennessee Constitution fails to state a claim for which relief may be granted.

This Defendant fulfilled each and every legal duty which he had to the Plaintiff. The Plaintiff is the author of his own misfortune. The Plaintiff, in possession of a loaded pistol, forced the officers to pursue him. He failed to surrender, but actively resisted arrest. It was fortuitous that he was apprehended before he was able to shoot an officer and either kill an officer, or do grave bodily injury to said officer.

It is averred that the force used to arrest the Plaintiff was not excessive as a matter of law. Any claim for loss of consortium fails to state a cause of action for

3

which relief may be granted pursuant to 42 § 1983 of the United States Constitution.

It is denied that either Robert Terry in his individual capacity and/or the City of Cookeville [Robert Terry in his official capacity as Chief of Police of the City of Cookeville] are legally liable to the Plaintiffs for any sum whatever.

Many assertions in the Complaint fail to state a cause of action for which relief may be granted.

This Defendant reserves the right to amend his theory based on further investigation and discovery.

**Theory of Defendants Josh Ward, James McCurry, Brandon Tayse and Chris Melton**

Officers were called to a vehicular pursuit of the Plaintiff driving erratically on or about April 8, 2012. The Plaintiff finally brought his vehicle to a stop after disobeying numerous traffic control devices and began to flee from his vehicle once he exited same. Plaintiff was ultimately apprehended only after the Plaintiff fought officers involved in the apprehension, as well as the K-9 that was utilized to apprehend the Plaintiff. Any and all injuries received by the Plaintiff were as a result of the Plaintiff's own actions in fleeing from the police and resisting arrest. Further reference is made to the Answer filed by these Defendants in this case. These Defendants did not violate any of the Plaintiff's constitutional rights. These Defendants did not use excessive force against the Plaintiff. All force used in this matter was reasonable and necessary. These Defendants did not

4

violate any of the Plaintiff's constitutional rights. Further, these Defendants, individually, would assert that no state law or any state law right was violated by any actions of the Defendants. It is maintained that these Defendants, individually, were not negligent in any way. These Defendants, individually, are entitled to qualified immunity on Plaintiff's constitutional claims and all immunities they can invoke under state law, including all immunities available to police officers and the protections of the Tennessee Governmental Tort Liability Act.

    **C. ISSUES RESOLVED:** Jurisdiction and venue, except for any claims covered by the GTLA.

    **D. ISSUES STILL IN DISPUTE:** Liability and damages.

    **E. INITIAL DISCLOSURES:** The parties shall exchange initial disclosures pursuant to FED. R. CIV. P. 26 (a)(1) on or before **Monday, August 19, 2013.**

    **F. DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before **Friday, February 28, 2014.** Discovery is not stayed during dispositive motions, unless ordered by the court. No motions concerning discovery are to be filed until after the parties have conferred in good faith. Discovery motions are to be filed in accordance with the practice of the magistrate judge who will resolve any dispute(s).

    **G. MOTIONS TO AMEND:** The parties shall file all Motions to Amend on or before **Friday, March 28, 2014.**

**H.     DISCLOSURE OF EXPERTS:**     The plaintiff shall identify and disclose all expert witnesses and expert reports on or before **Friday, April 25, 2014.**  The defendant shall identify and disclose all expert witnesses and reports on or before **Friday, May 23, 2014.**  Rebuttal experts, if any, shall be identified and disclosed (along with expert reports) on or before **Friday, June 6, 2014.**

**I.     DEPOSITIONS OF EXPERT WITNESSES:**     The parties shall depose all expert witnesses on or before **Friday, June 27, 2014.**

**J.     JOINT MEDIATION REPORT:**  The parties shall file a joint mediation report on or before **Friday, March 28, 2014.**

**K.     DISPOSITIVE MOTIONS:** The parties shall file all dispositive motions on or before **Friday, August 29, 2014.**  Responses to dispositive motions shall be filed within twenty-one (21) days after the filing of the motion or by **Friday, September 19, 2014.**  Briefs shall not exceed twenty (20) pages.  Optional replies may be filed within fourteen (14) days after the filing of the response or by **Friday, October 3, 2014,** and shall not exceed five (5) pages.

**L.     ELECTRONIC DISCOVERY:**     The parties have reached agreements on how to conduct electronic discovery.  Therefore, the default standard contained in Administrative Order No. 174 need not apply to this case.

**M.     TRIAL DATE AND ESTIMATED TRIAL TIME:**     The parties expect the trial to last approximately three (3) days.  This action is set for jury trial on Tuesday, Janaury 13, 2015, at 9:00 a.m. The final pretrial conference is set for Monday, January 5, 2015, at 2:00 p.m. Both set in Cookeville, Tennessee.

It is so **ORDERED.**

_____
**KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE**

**APPROVED FOR ENTRY:**


*/s/ Richard M. Brooks*
**RICHARD M. BROOKS - #4308
ATTORNEY FOR PLAINTIFF**
130 Third Avenue West
Carthage, TN  37030
(615) 735-0807 – Phone
(615) 735-1921 – Fax
utkrmb@comcast.net - Email


*/s/ Daniel H. Rader III*
**DANIEL H. RADER III - #2835
ATTORNEY FOR DEFENDANTS IN THEIR OFFICIAL CAPACITIES AND FOR DEFENDANT TERRY IN HIS INDIVUDAL AND OFFICIAL CAPACITY**
P.O. Box 3347
Cookeville, TN  38502
(931) 526-3311 – Phone
(931) 526-3092 – Fax
danrader@citlink.net - Email


*/s/ Reid A. Spaulding*
**REID A. SPAULDING - #23363
ATTORNEY FOR DEFENDANTS WARD, MCCURRY, TAYSE AND MELTON IN THEIR INDIVIDUAL CAPACITIES**
Watson, Roach, Batson, Rowell & Lauderback, P.L.C.
900 South Gay Street
P.O. Box 131
Knoxville, TN  37901-0131
(865) 637-1700 – Phone
(865) 525-2514 – Fax
rspaulding@watsonroach.com - Email